## DAMAGES TO ABUTTER FROM IMPROVEMENT OF STREET TO ESTABLISHED GRADE.

[Circuit Court of Hamilton County.]

ELIZABETH ROSS V. CITY OF CINCINNATI.*

Decided, December 21, 1902.

*Street—Improvement of, to Establish Grade—Grade Found to be Reasonable—Extent of an Abutting Property Owner's Right to Damages—Rights of the Municipality Resulting from a Dedication —Are the Same as from an Appropriation.*

1. An abutting property owner has the right to make an improvement with reference to a grade established by ordinance, by improvement, or by user, and if such grade is thereafter changed, he is entitled to damages; but if there has been no grade established by ordinance or user, the property owner is not entitled to damages when a grade is established, unless it is an unreasonable grade.
2. Where land is appropriated for street purposes, whatever damages an abutting owner is entitled to at the time the appropriation is made, by reason of a cut or the taking away of lateral support, must be determined in that action.
3. And where a dedication of the land has been made, the dedication invests the municipality with rights as full as those derived from proceedings in appropriation.

SWING, P. J. (orally); SMITH, J., and GIFFEN, J., concur.
Heard on error.

The case of Ross against the city of Cincinnati is a case in this court on error to the judgment of the court of common pleas. The city of Cincinnati brought an action in the court of common pleas for the purpose of ascertaining the amount of damages which property owners might have by reason of the improvement of an avenue in the western portion of Cincinnati, called Ross avenue.

In that proceeding the plaintiff here, Elizabeth R. Ross, filed her claim for damages by reason of this improvement. The facts are as follows: In 1853 this avenue was dedicated to the city by the plaintiff. Also in 1883 she rededicated it at the time she subdivided her property, I believe, into lots.

* Affirmed by the Supreme Court, without report (67 O. S., 522).

In 1879 the city of Cincinnati passed an ordinance fixing the grade of this street, and this improvement is to be made in accordance with that established grade. No improvement of the avenue had ever been made by anyone; neither the city nor the people owning property abutting upon this avenue had improved it, but it was used as a means of ingress and egress by the people living along it, and the public also used it as far as their necessities required for the purpose of going to and from the premises abutting on it.

Now it is claimed by Mrs. Ross that she is entitled to damages, and she subdivides the loss into three heads, owing to the different location of the property as it abutted upon the avenue.

Near the house abutting on a portion of the avenue, and in front of the house, the improvement contemplated a cut of some four or five feet in front of her premises; west of the house was another tract of land about two hundred feet, I believe, in extent, where it required a fill of some four or five feet, and the improvement as contemplated by the city would place upon her property the burden of maintaining this fill, or a portion of it; therefore the city would require an easement for the support of that earth to make the proper width. Still further west, some two or three hundred feet, the improvement requires a cutting of the ground to the extent or three feet at one end and twelve feet at the other.

The jury found in answer to special interrogatories the damage to the property where the fill was required, two hundred dollars; and they further found that if Mrs. Ross was entitled to any damage by reason of the cut on the western portion of her land that she would be entitled to recover four hundred dollars—that would be the amount of the damage; and I believe a similar amount for the cut in front of her house where the improvement was made.

The city admits its liability for two hundred dollars for the portion of the property where the fill was made.

The jury found that the grade as established by the city was a reasonable grade.

What are the rights of the parties? The court found that Mrs. Ross was entitled to two hundred dollars, but found against her as to the other claims.

It seems to us the law is very well settled in Ohio by a great many decisions of our Supreme Court, and also by other courts of the state, especially this court, and that it is to this effect: That wherever there has been a grade established, either by ordinance or by improvement or user for a long time, that the property owner has a right to make improvements in accordance with the grade as established either by ordinance or by user; but if there has been no established grade, either by ordinance or by user, the property owner is not entitled to any damages unless the grade which the city establishes is an unreasonable grade.

There was no grade established at this place by user or by ordinance except the ordinance of 1879, and these improvements were made in accordance with that grade.

No work had ever been done upon this property, no grade had ever been established, and it could not be said that any improvements made under these conditions would be saved from the general provision that a party making improvements builds with reference to a reasonable grade. So we do not see upon what theory the plaintiff may recover for the improvements that she made on the property when the grade as now fixed is found to be a reasonable grade, and no exception was taken, or no question is made as to that. She was bound to make her improvement with reference to a reasonable grade, which the city subsequently established.

It is claimed that while that may be true, as to the improvements that she made, still Mrs. Ross is entitled to damages by reason of cutting her unimproved property at the western portion where the cut would be from three to twelve feet; that she is entitled to lateral support.

We think that the doctrine of lateral support has no application to facts in this case. Mrs. Ross dedicated this property for a street. She dedicated with that everything that was necessary to make a street in accordance with the reasonable grade that might be established by the city. The dedication would amount to very little if she simply dedicated the surface of the ground, and if the city would be powerless after that dedication to go on and make a street in accordance with a reasonable grade, she would still retain them in her certain rights to that

street. That is entirely inconsistent, we think, with her dedication. It would be the same if the city had appropriated the property for a street. As we held in the case of *Tenney* v. *Cincinnati*, whatever damages the party is entitled to at the time of the appropriation by reason of the cut or taking away of lateral support must be determined in that action; and if that can be determined in the action and should be determined at the time the appropriation is made, the dedication by the party would certainly be as full as the appropriation, and if she gave it she could not turn around afterward and sue the city to recover back that which she had already given. And we have found, as I say, that she by her dedication gave so much of that property as was necessary to make a reasonable grade. If the city had gone beyond a reasonable grade, then under the laws of our states she would have her action for that additional right of property that she had not parted with, because under our laws she is only supposed to grant the right to a street of a reasonable grade.

The judgment of the court will therefore be affirmed.

*Frederick Hertenstein,* for plaintiff in error.

*Charles J. Hunt* and *Frank H. Kunkel,* for defendant in error.